Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GEORGE W. LINDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3610 | **DATE** | July 13, 2010 |
| **CASE TITLE** | Archie Brown (#2010-0517058) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) add Sheriff Dart as a Defendant pursuant to the amended complaint, solely for the purpose of identifying the John Doe health care providers in question; (2) issue summons for service on Dart; and (3) mail Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ **[For further details see text below.]**              Docketing to mail notices.

## STATEMENT

Plaintiff, a detainee at the Cook County Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants, unnamed psychologists or psychiatrists at the jail, violated Plaintiff's constitutional rights by acting with deliberate indifference to his medical (mental health) needs. More specifically, Plaintiff alleges that despite advising health care providers during his admission and screening process that he suffered from mental illness and had recently attempted suicide, he was denied needed psychotropic medications for several weeks. Plaintiff contends that the lack of medication resulted in needless suffering, a psychological "breakdown," and another suicide attempt at the jail.

As directed, *see* Minute Order of June 14, 2010, Plaintiff has submitted an amended complaint naming the Cook County Sheriff, who may be in a position to identify the health care providers in question.

The Clerk shall issue summons forthwith for service of the amended complaint. The United States Marshals Service is appointed to serve Defendant Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Dart with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant Dart. The Marshal is authorized to mail a request for waiver of service to Dart in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy,
**(CONTINUED)**

mjm

including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district Court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, an experienced litigator in this Court, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.