Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3610 | **DATE** | May 11, 2012 |
| **CASE TITLE** | Archie Brown (N-21714) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Archie Brown may proceed with his amended complaint [69] against Clifford Oliver, Joanne Tunney, Ms. Stein, Danielle Thomas, and Cook County Jail Officers Rambo, Harris, and Hurd. The Clerk shall issue summonses for service of the amended complaint through the U.S. Marshal against these Defendants. Although Plaintiff states no claims against Tom Dart, he shall remain a Defendant to facilitate service. Dart need not respond to the amended complaint. Cermak Health Services, as well as any other party not listed above, is dismissed as Defendant. The Marshal is directed to send requests for waiver of service to counsel for Tom Dart. If counsel will be representing the above-listed Defendants and can execute the waivers, he should do so. If counsel is unable to execute waivers, he should so inform the Marshal. The standard rules stating the amount of time to respond in Fed. R. Civ. P. 4(d)(3) and 12(a) shall apply. The motion for clarification filed by Defendants [71] is granted, as the orders entered this day should answer the questions posed by counsel.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Plaintiff Archie Brown (N-21714), currently incarcerated at Vienna Correctional Center, has submitted an amended complaint that names the following parties as Defendants: Tom Dart, Clifford Oliver, Joanne Tunney, Ms. Stein, Dannielle Thomas, Cermak Health Services, and Officers Rambo, Harris, and Hurd. Plaintiff alleges the following. He was arrested on April 8, 2010. He told the arresting officers that he needed his psychiatric medication and that he was hearing voices telling him to kill himself. Allegedly, the arresting officers, as well as officers at two police stations, ignored Plaintiff's complaints and he cut his wrists with a torn-open Coke can when he was left alone in an interrogation room. Plaintiff was taken to Roseland Hospital to be treated for his wrists and then taken to Cook County Jail. The claims against the Chicago officers and a Roseland doctor are the subject of two other suits (no. 10 C 3609 and no. 12 C 49), which have been consolidated with this case for discovery purposes. The instant suit involves claims that arose after Plaintiff was taken to the Cook County Jail.

Plaintiff alleges that he was examined by Clifford Oliver at Cermak Health Services during intake, that he told Oliver of his need for psychiatric medication and that he was hearing voices telling him to kill himself, and that Oliver took no or inadequate precautions and released Plaintiff to general population. Plaintiff states that he was examined later in April 2010 by Cermak mental health care providers Ms. Stein and Danielle Thomas, who also allegedly provided inadequate care. Plaintiff asserts that, several weeks later, on May 11, 2010, he tried to kill himself by hanging. Allegedly, Officer Rambo, Sergeant Harris, and Lieutenant Hurd refused to get Plaintiff medical attention for his neck, back, and right knee (presumably injured in the hanging incident). Shortly after the incident, Plaintiff was examined by Joanne Tunney, a mental health provider at Cermak, who allegedly provided inadequate care. These allegations state a colorable cause of action against the three officers and four Cermak mental health care personnel. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010) (risk of suicide constitutes a serious condition for a claim of deliberate indifference to a serious risk of harm). Plaintiff may proceed against these Defendants.

Cermak Health Services, however, is dismissed. Cermak is simply a division of Cook County and is not

| STATEMENT |
|---|

a separate suable entity. See *Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993); *Haynes v. Dart*, No. 08 C 4834, 2009 WL 590684 at *3 (N.D.Ill. March 6, 2009) (Conlon, J.). As to Tom Dart, Plaintiff names him as a Defendant but states no claims against him. Dart shall remain a Defendant to facilitate service on the Cook County Jail officers; however, he need not respond to the amended complaint and he may seek to be dismissed once an attorney enters an appearance for one of the other Defendants.

        The United States Marshals Service is appointed to serve Defendants Clifford Oliver, Joanne Tunney, Ms. Stein, Dannielle Thomas, and Officers Rambo, Harris, and Hurd. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return the forms may result in the dismissal of Defendants. If any of these Defendants is no longer employed with the Cook County Jail or Cermak, officials there shall furnish the Marshal with the Defendant's last-known address, which shall be used only to effectuate service, and shall neither be kept in the Court's file nor disclosed by the Marshal. The Marshal shall mail requests for waivers of service to the current counsel for Tom Dart, Assistant States Attorney Michael Sorich, 500 Richard J. Daley Center, Chicago, IL 60602. If counsel is able to execute waivers for the new Defendants, counsel should do so. If counsel cannot execute waivers, he should so inform the Marshal, who may further attempt to obtain waivers by mailing requests to the Defendants. If unable to obtain waivers of service, the Marshal shall attempt personal service.

        Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to their attorney. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.